UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Skylink LTD.,                                                    Case No. 3:13-cv-02103

        Plaintiff

   v.                                                                MEMORANDUM OPINION
                                                                          AND ORDER

UniTek Global Services, Inc., et al,

        Defendants

This matter is before me on the motions pending in this case:

- Plaintiff's Motion for Expedited Discovery (Doc. No. 14);
- Plaintiff's Motion for Leave to Amend the Complaint instanter (Doc. No. 15);
- Defendants' Motion for Amendment Date and Briefing Schedule (Doc. No. 18);
- Defendants' Motion to Dismiss (Doc. No. 4); and
- Defendants' Motion to Dismiss (Doc. No. 10).

**Amendment of the Complaint and Briefing Dates**

Plaintiff seeks leave to file a Second Amended Complaint instanter. The Defendants do not oppose the proposed Second Amended Complaint. Instead, they request that I set deadlines for amending the pleadings and for a motion to dismiss. Plaintiff objects to the scheduling of these deadlines by the Court.

Upon consideration, I grant Plaintiff's motion for leave to file a Second Amended Complaint instanter.  I also grant Defendants' motion for an amendment deadline and a briefing schedule.  The deadline for amending pleadings, as a matter of right, is set for January 20, 2014.  Motions to dismiss shall be filed by February 20, 2014, response by March 20 2014, and a reply by April 3, 2014.

**Motion for Expedited Discovery**

Plaintiff also moves for expedited discovery pursuant to Fed. R. Civ. P. 26(d) regarding documentation it states is in Defendant UniTek Global Services, Inc.'s exclusive possession.  UniTek opposes the motion arguing the Plaintiff has failed to demonstrate an immediate need for the discovery.  I agree.

While the Sixth Circuit has not addressed the standard to be employed in assessing such requests, district courts within the Circuit have generally required a showing of good cause to authorize expedited discovery.   "Good cause for expedited discovery exists when the need for the expedited discovery outweighs the prejudice to the responding party, based on the entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances."  6 MOORE'S FEDERAL PRACTICE § 26.121[2] (3d ed.2013).    Generally, the party requesting the expedited discovery bears the burden of proof of establishing the need for the request and reasonableness under the circumstances.  *See e.g., 2815 Grand Realty Corp. v. Goose Creek Energy, Inc.*, 656 F.Supp.2d 707, 723 (E.D. Ky. 2009).

In this case Plaintiff filed a declaratory judgment for payments owed under an Asset Purchase Agreement and a related Earnout Confirmation Agreement entered into between it and Defendant DirectSat.  Under the terms of these agreements, Plaintiff states it is entitled to an earn-

2

out payment based on the financial performance of the acquired assets. The parties agreed that such payment would accrue and not become payable if certain conditions[1] came to pass.

On September 23, 2013, Defendants filed a motion to dismiss for lack of jurisdiction and a motion for failure to state a claim. (Doc. No. 4). A little over two weeks later, Plaintiff filed its First Amended Complaint. (Doc. No. 5). Defendants filed a second motion to dismiss on November 5, 2013. (Doc. No. 10). Approximately two weeks later, I issued an order setting a briefing schedule regarding the pending motion and held further discovery and scheduling in abeyance. (Doc. No. 13). The next day, Plaintiff filed the instant motion for expedited discovery.

Plaintiff filed its motion for expedited discovery on November 21, 2013, requesting access to the following available financial documents no later than November 25, 2013:

- A daily accounting beginning on 5/31/13 of the amounts available under UniTek's revolving credit facilities;

- A daily accounting beginning on 5/31/13 of the outstanding trade payables of UniTek and its subsidiaries that were more than 60 days past due;

- A report or other documentation showing payees, amounts paid, and dates due of any invoices and related payments made by UniTek or any of its subsidiaries to third parties that UniTek contends are relevant for purposes of condition (y) at Section 1.1 of the Earnout Confirmation Agreement;

- A report or other documentation showing all unpaid trade payables of UniTek and its subsidiaries, including payees, amounts that will be due, date payment is due and days payment is outstanding; and

- A daily accounting beginning on 5/31/13 of all available cash for UniTek.

(Doc. No. 14 at p. 4).

---

[1] "[T]he Earnout Payments may accrue but shall not be payable in cash either (x) during the period of continuance of any event or default under UniTek's senior loan agreements ["Situation x"], or (y) during any period when UniTek and its subsidiaries shall, both immediately prior to and after giving effect to any such payment, have amounts available under their revolving credit facilities, less the amount of outstanding trade payables to UniTek and its subsidiaries that are mot than 60 days due. . . of less than $15,000,000.[situation y]" Amended Complaint (Doc. No. 5 at ¶ 15).

3

Specifically, Plaintiff "is concerned that Defendants may be dissipating assets by paying trade payable accounts in a manner that ensures that Defendants' liquidity position will trigger Situation (y) and that they may be stalling until December 1, 2013, when UniTek's credit line decreases. Thus, Skylink seeks expedited discovery to determine the full nature of Defendants' actions before further dissipation of assets can be achieved and before another decrease in the credit line takes place." (*Id.* at p. 5).

The need for expedited discovery, argues Plaintiff, is based upon the Defendants' rapidly fluctuating financial condition and the outcome of the Defendants' obligation on the debt. In its motion, Plaintiff states, "In the lawsuit, Skylink alleges that Situation (y) is not now in effect." (Doc. No. 14 at p. 3).

Expedited discovery is generally seen as the exception and not the norm. *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). There is no allegation that records are being destroyed or that the information will not be available at a future date. The information requested goes to the merits of Plaintiff's case and is compensable by way of damages. In my view, Plaintiff has not made an adequate showing to meet the good cause standard in this particular case. Moreover, given that the complaint will be amended yet again and a dispositive motion is forthcoming, this appears to be an effort to "circumvent the normal litigation process." *In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142, 143 (D.D.C. 2005). Accordingly, I find Plaintiff's motion not well taken and it is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to amend the complaint instanter (Doc. No. 15) is granted. Defendants' motion for amendment date and briefing schedule (Doc. No. 18) is granted. The deadline for amending pleadings is set for January 20, 2014. Dispositive

motions to be filed no later than February 20, 2014, opposition due on March 20, 2014, and reply by April 3, 2014.

Additionally, Plaintiff's motion for expedited discovery (Doc. No. 14) is denied. Defendants' motions to dismiss (Doc. Nos. 4 and 10) are denied without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge